out passing on the other questions, held there was no infringement. The appellee evidently claimed under a patent to himself, which, with the accompanying drawings and certain models, was in evidence. This evidence is not before us. Neither the patent nor the drawings are in the record, and the models have not been brought up. Nor have we been able to find anywhere in the record a satisfactory description of the structure which the appellee uses. The burden of proving the infringement is on the appellant. The necessary proof in this respect has not been made, and the decree below is consequently *Affirmed.*

*Mr. J. J. Noah* and *Mr. C. K. Davis* for appellant.

No appearance for appellee.

---

### ROBERTS *v.* BOLLES.

**ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF ILLINOIS.**

No. 48. Submitted October 20, 1881. — Decided October 25, 1881.

*Roberts* v. *Bolles*, 101 U. S. 119, followed.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

The judgment in this case is affirmed on the authority of *Roberts* v. *Bolles*, 101 U. S. 119, which we see no reason for reconsidering. *Affirmed.*

*Mr. Andrew J. Bell* for plaintiff in error.

*Mr. George O. Ide* for defendants in error.

---

### GLOVER *v.* LOVE.

**APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF MISSOURI.**

No. 62. Submitted October 28, 1881. — Decided November 7, 1881.

Affirmed on the facts.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

We have carefully examined all the testimony in this case, and are satisfied with the decree below. It is abundantly proven that the stock which the assignee in bankruptcy now seeks to reach, never was in equity the property of the bankrupt. Unless all the testimony is to be disbelieved, the original purchases were made honestly and in good faith with the proceeds of the separate